UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-10813-GAO

GULF OIL LIMITED PARTNERSHIP,
Plaintiff,

v.

PETROLEUM MARKETING GROUP, INC.,
and BP PRODUCTS NORTH AMERICA,
Defendants.

OPINION AND ORDER
March 30, 2018

O'TOOLE, D.J.

The plaintiff, Gulf Oil Limited Partnership, alleges claims against Petroleum Marketing Group, Inc. ("PMG") for breach of contract (Count I); breach of the implied covenant of good faith and fair dealing (Count II); unjust enrichment (Count III); fraudulent inducement (Count IV); tortious interference with contract and advantageous business relations or business expectancy (Count V); violation of Massachusetts General Laws Chapter 93A (Count VII); conspiracy under Virginia Code § 18.2-499, *et seq.* (Count VIII); and civil conspiracy (Count IX).[1] PMG has moved to dismiss all the claims but the breach of contract claim under Federal Rule of Civil Procedure 12(b)(6).

## I.   Factual Background

According to the allegations of the complaint, Gulf, a Delaware limited partnership with a principal place of business in Massachusetts, is a wholesaler of refined petroleum products, including diesel fuel and gasoline. Gulf utilizes a distribution network that supplies fuel products

---

[1] Count VI alleges tortious interference against PMG's co-defendant BP Products North America.

through its seventeen owned and operated terminals and more than 1800 Gulf-branded gas and service stations. PMG is incorporated in Maryland and has a principal place of business in Virginia.

In 2016, PMG acquired 223 northeast and mid-Atlantic dealer-operated convenience stores and gas stations from Gulf. Subsequently, PMG entered into a Distributor Agreement with Gulf that required, among other things, that PMG purchase from Gulf a specific minimum annual and monthly volume of Gulf products according to payment terms set out in the Distributor Agreement.

PMG and Gulf are also parties to a number of other apparently related agreements, the substance of which is not relevant to the present motion.

By letter dated April 21, 2017, PMG advised Gulf that it had entered into an agreement with BP under which PMG would lease seventy-six of its recently acquired Gulf-branded sites to BP that BP intended to use to sell BP-branded fuels. These stations were located in New York and New Jersey. None of the sites being converted were located in Massachusetts. Gulf became concerned both with the potential loss of revenue under the Distributor Agreement from the conversion of Gulf stations to BP stations and with the adverse public relations effect of what might be seen as a substantial withdrawal from the retail market by Gulf. The complaint alleges a variety of damages suffered by Gulf.

## II. Standard of Review

To survive a Rule 12(b)(6) motion, a complaint must allege facts that "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true," even if there is doubt about the truth of those allegations. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (footnote omitted) (internal citation omitted). A complaint must also contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). The court also must disregard "statements in the complaint that merely offer 'legal conclusion[s] couched as

. . . fact[].'" Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) (alteration in original) (quoting Iqbal, 556 U.S. at 678).

**III.     Discussion**

PMG's motion does not include the claim asserted in Count I for breach of contract, which it concedes is adequately pled. Gulf agreed at the oral argument on the present motion that Count III for unjust enrichment has been waived. Accordingly, the pleading adequacy of the claims alleged in Counts II, IV, V, VII, VIII and IX are presently at issue.

After review, I am satisfied that Counts II, IV, V, VIII and IX plausibly, and therefore adequately, allege claims against PMG. Whether Gulf can prove those claims is a matter for another day. However, I agree with PMG that Count VII, alleging a claim under Chapter 93A, does not state a claim upon which relief can be granted.

Count VII alleges that PMG engaged in unfair and deceptive practices in violation of Chapter 93A, Section 11. That section includes an important limitation on the scope of the cause of action authorized:

> No action shall be brought or maintained under this section unless the actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice occurred primarily and substantially within the commonwealth.

Mass. Gen. Laws, ch. 93A, § 11, eighth par.

Determining when unfair or deceptive acts or practices have occurred "primarily and substantially within" Massachusetts is a problem the state courts have struggled with, and sometimes avoided delving into where possible. See Bushkin Assocs., Inc. v. Raytheon Co., 473 N.E.2d 662, 672 (Mass. 1985); Burnham v. Mark IV Homes, Inc., 441 N.E.2d 1027, 1030–31 (Mass. 1982). The Supreme Judicial Court has instructed that the problem should be addressed not by reference to a checklist of prescribed factors but rather by inquiry into "whether the center of gravity of the circumstances that give rise to the claim is primarily and substantially within the

Commonwealth." Kuwaiti Danish Comput. Co. v. Dig. Equip. Corp., 781 N.E.2d 787, 799 (Mass. 2003); see also Kenda Corp., Inc. v. Pot O'Gold Money Leagues, Inc., 329 F.3d 216, 234–35 (1st Cir. 2003) (discussing Kuwaiti Danish).

Gulf's principal claims of injury from PMG's actions are for lost revenue from diminished product sales because of the reduction in the number of Gulf stations operating under PMG's aegis and the concomitant reputational injury to the Gulf brand in the affected territory by reason of the conversion of Gulf stations to BP stations. (Compl. for Injunctive Relief & Damages ¶¶ 69–75 (dkt. no.1).) Those "circumstances" were not centered in Massachusetts, but rather in New York and New Jersey, where the converted stations are, and therefore where the revenue and reputational losses have been inflicted. Nothing illustrates better where "the center of gravity of the circumstances that give rise to [Gulf's] claim[s]" was, Kuwaiti Danish, 781 N.E.2d at 799, than the pictorial exhibits attached as Attachment G to the Declaration of Meredith Sadlowski (dkt. no. 11-2), who is a Gulf executive. Those exhibits are included in the appendix to this Opinion and Order.

Gulf relies on Jofran Sales, Inc. v. Watkins & Shepard Trucking, Inc., Civil Action No. 16-11174-FDS, 2016 WL 6518431, at *6 (D. Mass. Nov. 2, 2016), to assert that a Chapter 93A claim may survive a motion to dismiss by alleging that the plaintiff is located in Massachusetts and the injury occurred in Massachusetts. Every case has its own facts, and that ruling may have been correct in that case, a proposition I do not consider. It is worth noting that Jofran Sales relied on a 2002 District Court case, Back Bay Farm, LLC v. Collucio, 230 F. Supp. 2d 176, 188 (D. Mass. 2002), which in turn relied on a 1999 First Circuit case, Amcel Corp. v. International Executive Sales, Inc., 170 F.3d 32, 36 (1st Cir. 1999). However, the precedential value of Back Bay Farm and Amcel is questionable because these cases were decided prior to Twombly and Iqbal, which refined the standard by which courts should examine pleadings when considering a Rule 12(b)(6)

4

motion. More importantly, both Back Bay Farm and Amcel were decided prior to the SJC's formulation in Kuwaiti Danish of the "center of gravity" standard, which altered the appropriate analytic approach to determining whether unfair or deceptive conduct occurred primarily and substantially in Massachusetts. Kuwaiti Danish and following cases make clear that the "center of gravity" inquiry requires more than simply asking whether the plaintiff is in Massachusetts and thus in some sense "felt"[2] the impact of the wrongful conduct here. To the extent that Jofran Sales takes that approach, I decline to follow it.

It appears from the allegations in the complaint that a substantial amount of the allegedly unfair or deceptive conduct occurred in Virginia, New York, and New Jersey, and relatively little in Massachusetts. Even "if the significant contacts of the competing jurisdictions are approximately in the balance, the conduct in question cannot be said to have occurred primarily and substantially in Massachusetts." See Fishman Transducers, Inc. v. Paul, 684 F.3d 187, 197 (1st Cir. 2012) (quoting Uncle Henry's Inc. v. Plaut Consulting Co., 399 F.3d 33, 45 (1st Cir. 2005)); accord AECOM Tech. Servs. Inc. v. Mallinckrodt LLC, 117 F. Supp. 3d 98, 106 (D. Mass. 2015).

For these reasons, Count VII fails to state a claim under Chapter 93A, and it is dismissed.

## IV. Conclusion

In sum, PMG's motion to dismiss is GRANTED only with respect to Count VII; otherwise, the motion is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.<br>United States District Judge

---

[2] It is much more accurate to say that the injury was "felt" where a Gulf station closed and a BP station opened in its place.

# APPENDIX

# Attachment G to
# Declaration of Meredith Sadlowski





